```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | |
|---|---|
| **WALTER MCDONALD,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 18-00068-CG-B |
| | * |
| **BAHAMA BOD'S BEACHSIDE CAFÉ,** | * |
| *et. al.*, | * |
| | * |
| Defendants. | * |

### REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on Jeremiah J. Talbott's Motion to Withdraw as Counsel for Plaintiff Walter McDonald. (Doc. 17). For the reasons set forth below, it is **RECOMMENDED** that Jeremiah Talbott's motion be **GRANTED**, and that this action be **DISMISSED** due to Plaintiff Walter McDonald's failure to prosecute and obey the Court's orders.

### I.   BACKGROUND

Plaintiff Walter McDonald initiated this action on February 14, 2018 against Defendants Bahama Bob's Beachside Café, Inc., Stephen W. Spellman, Jr., Frank B. Merrill, Jr., and Robert L. Murphy. (Doc. 1). McDonald alleged that Defendants violated the Fair Labor Standards Act by failing to pay him minimum wages and overtime pay. (Id.). After the filing of Defendants' answers,

the Court issued a scheduling order, which, among other things, required McDonald to submit responses to Court interrogatories by May 15, 2018. (Doc. 8). Jeremiah Talbot, counsel for McDonald, sought and was granted additional time in which to submit McDonald's responses to the Court interrogatories due to difficulties reaching McDonald. (Docs. 9, 10).

Subsequent thereto, Talbott reported that he was still attempting to reach McDonald and requested a second extension of the deadline for McDonald's responses to the Court's interrogatories. (Doc. 11). The Court granted the second extension request, and extended the deadline for McDonald's interrogatory responses to June 24, 2018. (Doc. 12). When McDonald's interrogatory responses were not filed as directed, the Court issued a show cause order on June 13, 2018. (Doc. 13). In the order, McDonald was directed to show cause why his case should not be dismissed for failure to prosecute and to obey orders of the Court. (Id.). In response, Talbott, counsel for McDonald, advised that the parties had previously been in the process of negotiating a settlement, and that he believed the case could settle if he could reach McDonald. Accordingly, he requested one final extension. (Id.). The extension request was granted, in part, and McDonald was directed to submit his responses to the Court

interrogatories by July 16, 2018. On July 16, 2018, Talbott notified the Court that he had diligently attempted to reach McDonald by email, telephone and regular mail, but was unable to make contact with him. (Doc. 16). Talbott also filed a motion seeking permission to withdraw from representing McDonald due to a complete breakdown in communication. (Doc. 17).

Upon consideration, and for good cause shown, Talbott's request to withdraw from representing McDonald is due to be **GRANTED**.

The undersigned also finds, under the circumstances presented, that McDonald appears to have lost interest in this case, and that no sanction short of dismissal will suffice.

## II.   DISCUSSION

"District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute. See, e.g., Hudson v. Cardwell Corp., 2006 WL 2135791 at *1, 2006 U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a pro se litigant's failure to comply with federal procedural rules,

3

local court rules, or orders of the court.  See, e.g., Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.).  Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure.  See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule.").  Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions."  Id.

As set forth above, McDonald stopped communicating with his counsel, who attempted to reach him by telephone, email and regular mail.  This in turn thwarted efforts to prosecute this case. At this juncture, it seems apparent that McDonald has lost interest in this case such that nothing short of dismissal will suffice. Accordingly, due to McDonald's failure to comply with this Court's orders (docs. 8, 10, 12, 13, 15) and failure to prosecute this action, and upon consideration of the alternatives that are

available to this Court, it is **RECOMMENDED** that Plaintiff Walter McDonald's claims be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995).

For the reasons set forth herein, the undersigned **RECOMMENDS** that Jeremiah Talbott's Motion to Withdraw (doc. 17) be **GRANTED**, and that Walter McDonald's claims be **DISMISSED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge

on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **July, 2018.**

                                          **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**